FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
OCT 23 2019
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 2:19-CR-00003 |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| | ) | |
| [1] HEATHER L. MARKS | ) | 18 U.S.C. § 2 |
| | ) | 21 U.S.C. § 841(a)(1) |
| [2] HEMAL V. MEHTA, M.D. | ) | 21 U.S.C. § 846 |

# SUPERSEDING I N D I C T M E N T

## COUNT ONE

THE GRAND JURY CHARGES:

At all times material to this Indictment:

### Introduction

1. **HEMAL V. MEHTA** was a Medical Doctor and was licensed by the State of Tennessee Department of Health under license number 38517 on March 2, 2004.

2. As part of his practice, **HEMAL V. MEHTA** prescribed controlled substances, including highly addictive opioids, with his Drug Enforcement Administration ("DEA") license under DEA License Numbers (X)BM8730461 and FM7202360.

3. Also as part of his practice, **HEMAL V. MEHTA** supervised **HEATHER L. MARKS**, who was an Advanced Practice Registered Nurse and was licensed by the State of Tennessee Department of Health under license number 19885 on March 31, 2015.

4. As part of her practice, and under the supervision of **HEMAL V. MEHTA**, **HEATHER L. MARKS** prescribed controlled substances, including highly addictive opioids, with her DEA license under DEA License Number MM3747562.

5. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

6. **HEMAL V. MEHTA** and **HEATHER L. MARKS** prescribed Schedule II controlled substances, including oxycodone, morphine sulfate, and oxymorphone, to patients outside the usual course of professional practice and without a legitimate medical purpose.

7. Between on or about September 2016, through on or about May 2018, in the Middle District of Tennessee and elsewhere, **HEMAL V. MEHTA** and **HEATHER L. MARKS** did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to distribute and dispense Schedule II controlled substances, including oxycodone and oxymorphone, without a legitimate medical purpose and outside the usual course of professional practice.

All in violation of Title 21, United States Code, Section 846.

## COUNTS TWO THROUGH TEN

THE GRAND JURY FURTHER CHARGES:

8. Paragraphs 1 through 7 are re-alleged and incorporated by reference as though fully set forth herein.

9. On or about the dates set forth in each count below, in the Middle District of Tennessee and elsewhere, **HEMAL V. MEHTA** and **HEATHER L. MARKS**, aided and abetted by each another, did knowingly and intentionally dispense and distribute oxycodone and

oxymorphone, both Schedule II controlled substances, as listed below, without a legitimate medical purpose and outside the usual course of professional practice:

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 2 | December 22, 2016 | B.C. | Oxymorphone |
| 3 | January 11, 2017 | J.L. | Oxycodone |
| 4 | March 8, 2017 | L.M. | Oxycodone |
| 5 | March 14, 2017 | R.J. | Oxycodone |
| 6 | March 15, 2017 | B.R. | Oxymorphone |
| 7 | April 25, 2017 | J.D. | Oxymorphone |
| 8 | May 18, 2017 | D.P. | Oxycodone |
| 9 | November 29, 2017 | J.W. | Oxycodone |
| 10 | April 25, 2018 | L.H. | Oxycodone |

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES:

10. The allegations contained in the Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture allegation.

11. Upon conviction of any Count in the Indictment (Unlawful Distribution of a Controlled Substance or Conspiracy to Unlawfully Distribute a Controlled Substance), **HEMAL V. MEHTA** and **HEATHER L. MARKS** shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a):

3

a. any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense in an amount to be determined; and

b. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## SUBSTITUTE PROPERTY

12. If any of the property described above, as a result of any act or omission of **HEMAL V. MEHTA** and **HEATHER L. MARKS**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of the substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **HEMAL V. MEHTA** and **HEATHER L. MARKS** up to the value of said

4

property listed above as subject to forfeiture.

A TRUE BILL

FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*/s/ William M. Grady*
WILLIAM M. GRADY
United States Department of Justice
Criminal Division, Fraud Section
Trial Attorney

FOR */s/ William M. Grady*
ALLAN J. MEDINA
United States Department of Justice
Criminal Division, Fraud Section
Acting Chief, Health Care Fraud

5